IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL TODD REVERE, JR., <br> #304 037, <br><br> Plaintiff, <br><br> v. <br><br> EUGENE W. REESE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:19-CV-399-MHT <br> ) [WO] <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Michael Revere, Jr., an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, brings this *pro se* 42 U.S.C. § 1983 action against Judge Eugene Reese.[1] He seeks to challenge the actions of the named defendant regarding matters associated with his criminal court proceedings before the Circuit Court for Montgomery County, Alabama, which occurred in February of 2015 and April of 2016. Doc. 1, Doc. 1-1. Revere seeks damages and release from custody. Doc. 1 at 4.

Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

---

[1] Although the Clerk stamped the complaint "filed" on June 10, 2019, Revere signed his complaint on May 31, 2019. The law is settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). The court, therefore, considers May 31, 2019, as the filing date.

[2] The court granted Revere's request for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to

## II. STANDARD OF REVIEW

Because Revere is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Put another way, a claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

---

state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolousness and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation

3

of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

A.   **Claims Barred by the Statute of Limitations**

Revere brings this § 1983 action seeking to challenge matters associated with his February 18, 2015, guilty plea proceedings and his April 21, 2016, sentencing proceedings. Specifically, Revere attacks the validity of those proceedings, claiming that Defendant Reese failed to conduct them in accordance with the Alabama Rules of Criminal Procedure. Doc. 1.

Revere's attempt to challenge matters associated with his state court criminal proceedings occurring on or before February 18, 2015, and April 21, 2016, is barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Revere filed suit, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

4

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury. *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996). By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Revere from application of the time bar.[4]

The statute of limitations is usually raised as an affirmative defense. In a § 1983 action filed by a plaintiff proceeding *in forma pauperis*, the court may *sua sponte* consider affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) ("[I]n an action proceeding under section 1915(d) [—the *in forma pauperis* statute now codified as § 1915(e)(2)(B)(i)—], [a court] may consider, *sua sponte,* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the district court. In so doing, [the court is] following consistently the special treatment given to section 1915(d) suits."). Consequently, with respect to a complaint filed *in forma pauperis,* "if the district court sees that an affirmative defense would defeat the action, a section 1915(d) dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at 640 n.2 (citing *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330-1332 (D.C. Oregon 1983)).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d

---

[4] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane... ." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Revere was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

5

at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Revere has no legal basis on which to proceed because he presents claims regarding actions which occurred on or before February 18, 2015, and April 21, 2016, and he failed to file this action until over two years after the specified time periods—on May 31, 2019. These claims are, therefore, barred by the applicable statute of limitations and subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Even if Revere could demonstrate that his claims are not barred by the statute of limitations, his complaint is subject to dismissal for the following reasons.

**B.    Judge Reese**

   *1.    Damages*

Revere's claims against Judge Reese emanate from actions taken in Judge Reese's judicial capacity during state court proceedings over which he had jurisdiction. Revere's claims against Judge Reese, therefore, provide no basis for relief because "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v.*

6

*Clerk of Court*, 150 F. App'x 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). A state court judge is entitled to absolute immunity from damages for actions taken in his or her official capacity, even when their actions are allegedly erroneous or even malicious. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Wuyisa v. City of Miami Beach*, 614 F. App'x 389, 391 (11th Cir. 2015) (citing *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Further, to the extent that Revere seeks damages from the judicial defendant in his official capacity, those efforts are foreclosed by the Eleventh Amendment. While the doctrine of judicial immunity applies to claims against Judge Reese in his individual capacity, he is entitled to Eleventh Amendment immunity for claims asserted against him in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding in a damages action that neither a state nor its officials acting in their official capacities are "persons" subject to suit under section 1983).

To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, *Stump* established a two-part test: (1) whether the judge dealt with the plaintiff in a judicial capacity; and (2) whether the judge acted in the "clear absence of all jurisdiction." *Simmons,* 86 F.3d at 1084–85 (citing *Stump*, 435 U.S. at 357, 362); *Jenkins,* 150 F. App'x at 990. For judicial immunity purposes, an act is done in "clear absence of all jurisdiction" if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (en banc). Judges cannot be sued for money damages for performing judicial acts, even when the acts result in unfairness and injustice to a litigant. *Mireles*, 502 U.S. 9.

Revere complains about actions taken by Judge Reese in his judicial capacity, and his allegations against Judge Reese do not compel the conclusion this defendant acted in the clear

7

absence of jurisdiction. Accordingly, Revere's claims for monetary damages against Judge Reese are "based on an indisputably meritless legal theory" and are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327.

### 2. *Declaratory or Injunctive Relief*

**a. <u>Non-Final Orders</u>**. To the extent that Revere seeks relief from adverse decisions issued by Judge Reese not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin*, 225 F.3d at 1242 ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Revere could appeal orders issued by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Revere to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

**b**. **<u>Final Orders</u>**. Regarding claims presented by Revere challenging the constitutionality of orders issued by Judge Reese which have become final under state law, this court lacks jurisdiction to render judgment in these claims in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Revere from proceeding before this court as this case, regarding any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining

8

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of a request for relief from final actions undertaken by Judge Reese during proceedings related to Revere's state court criminal case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

**C.    The Challenge to Plaintiff's Conviction**

If Revere seeks to challenge the validity of a criminal conviction and/or sentence imposed upon him by the Circuit Court for Montgomery County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time.  *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be

dismissed. 512 U.S. at 489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate the challenged action has been invalidated. 520 U.S. at 648. The Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an immediate or earlier release, his sole federal remedy is a writ of habeas corpus. *Id*. at 648; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser*, 411 U.S. at 489. The *Balisok* Court "reemphasize[d] that . . . a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Revere's claims represent a challenge to the constitutionality of his state court criminal convictions. A judgment for Revere would imply the invalidity of these convictions. It is clear from the complaint that the convictions about which Revere complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on those convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity

of the fact or duration of his confinement.  *Balisok*, 520 U.S. at 645-46; *Heck*, 512 U.S. at 487; *Preiser*, 411 U.S. at 488-490.  Such attack is, therefore, subject to summary dismissal by this court under 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against Defendant Reese which accrued on or before February 18, 2015, and April 21, 2016, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i), as Plaintiff failed to file this action within the time prescribed by the applicable statute of limitations;

2.  Plaintiff's complaint against Defendant Reese be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

3.  Plaintiff's challenge to the constitutionality of the convictions or sentence imposed upon him in April 2016 by the Circuit Court for Montgomery County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), as such claims are not properly before the court at this time;

4.  This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that **on or before February 11, 2020**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the District Court.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 27th day of January, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge